IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUTH WALKER,                    :

    Plaintiff,              :
vs.                                                         CA 05-0572-C
                                            :
JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 17 & 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and

recommendation, and the parties' arguments at the May 31, 2006 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to degenerative disc disease, hypertension, obesity, cataracts, and possible borderline mild mental retardation. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant's degenerative disc disease; hypertension; obesity; and cataracts are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not very credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the [] residual functional capacity for light work.

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 17 & 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

    7.    The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

    8.    The claimant is an "individual closing approaching advanced age" (20 CFR §§ 404.1563 and 416.963).

    9.    The claimant has "a limited education" (20 CFR §§ 404.1564 and 416.964).

    10.    The claimant has the residual functional capacity to perform a significant range of light work (20 CFR §§ 404.1567 and 416.967).

    11.    Considering the claimant's age, education, past relevant work, and remaining residual functional capacity, she can (sic) perform the full range of light work, using Medical-Vocational Rule 202.10 as a framework for decision-making; there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as security job, with 507 such jobs in the regional economy and 34,786 such jobs in the national economy; usher, with 106 such jobs in the regional economy and 32,730 such jobs in the national economy; and miscellaneous food preparation, with 2,541 such jobs in the regional economy and 25[1],668 such jobs in the national economy.

    12.    The claimant was not under a "disability", as defined in the Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. 29-30) The Appeals Council affirmed the ALJ's decision (Tr. 6-8) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those light jobs identified by the vocational expert ("VE"), is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether

substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ posed a deficient hypothetical question to the VE and, therefore, the Commissioner's fifth-step determination that plaintiff can perform other work existing in significant numbers in the national economy is not supported by substantial evidence.[2]

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) One means by which the Commissioner can satisfy her fifth-step burden is through the testimony of a vocational expert. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985)*; cf.*

---

[2] Plaintiff also contends that the ALJ erred in failing to fully and fairly develop the record regarding her intellectual deficits. This Court does not consider this assignment of error, however, since this case need be remanded based upon the ALJ's error in posing an improper hypothetical question to the VE. *See Pendley, infra*, 767 F.2d at 1563 ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

*MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986) (preferred method of demonstrating job availability is through a VE's testimony). However, if the hypothetical question posed to the VE does not comprehensively describe the claimant's impairments and limitations, the expert's testimony does not constitute substantial evidence that other jobs exist in significant numbers in the national economy that the claimant can perform. *See Pendley, supra*, 767 F.2d at 1562 ("'[U]nless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence.'").

In this case, plaintiff contends that the hypothetical posed to the VE did not comprehensively describe her impairments and limitations because the ALJ failed to include in the hypothetical the fact that she has visual limitations due to cataracts. (*Compare* Tr. 383 (hypothetical assuming "a full range of light work with mild to moderate postural limitations, mild to moderate manipulative limitations which would . . . limit the reaching and overhead, environmental limitations would be avoiding hazards, machinery and heights and mental limitations would be none.") *with* Tr. 29, Finding No. 3 (cataracts

are found to be a severe impairment), Tr. 25 (ALJ's favorable citation to the residual functional capacity assessment of non-examiner Dr. Carter that plaintiff's far and near acuity is occasionally limited) & Tr. 317 (finding by state-agency reviewing physician that plaintiff's near and far acuity is occasionally limited))  Defendant agrees that the ALJ did not include any visual limitations in the hypothetical posed to the VE, and concedes, moreover, that the security and usher jobs identified by the VE would not be jobs which the claimant would be capable of performing since those jobs require frequent near or far acuity. (*See* Doc. 16, at 5 & n.2) Nevertheless, the Commissioner contends that the failure to include the visual limitations in the hypothetical posed to the VE was mere harmless error in light of the VE's identification of the broad category of miscellaneous food preparation jobs (*see* Tr. 383) and the DOT evidence provided to the Court by the defendant reflecting that at least one job under this broad umbrella, that is, work as a hand Mexican food preparer, does not require frequent near or far acuity. The Court finds, however, that it need reject the defendant's harmless error argument because the upholding of same would require this Court to invade the province of the administrative process and make findings of fact that are appropriately made by the Commissioner of Social Security. *See Martin v. Sullivan*, 894 F.2d

1520, 1529 (11th Cir. 1990) ("'[W]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]").[3] Moreover, as noted in *Pendley, supra*, this Court "cannot assume that the vocational expert would have answered in a similar manner had the ALJ instructed him to consider all of the appellant's severe impairments [and limitations]." 767 F.2d at 1563. Accordingly, like the appellate court in *Pendley*, this Court must conclude that the Commissioner has failed to establish her fifth-step burden of proving that plaintiff is capable of performing other work which exists in substantial numbers in the national economy. This case must be remanded to the Commissioner of Social Security for further proceedings, including another hearing and the fifth-step testimony from a vocational expert identifying what light jobs, if any, exist in substantial

---

[3] More specifically, the Court would have to make a specific finding that the job of hand Mexican food preparer actually falls within the broader category of miscellaneous food preparation that the VE identified at the hearing and, even more importantly, would have to find that this specific job exists in significant numbers in the national economy. The defendant has provided this Court with no evidence of which it could take administrative notice that the job of hand Mexican food preparer exists in significant numbers in the national economy. In truth, this Court would have no inclination to make such a finding even had the defendant provided such evidence inasmuch as the Commissioner has specifically chosen, in this case, to rely upon vocational expert testimony to satisfy her fifth-step burden (Tr. 28 ("Based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, she is capable of making a successful adjustment to work that exists in significant numbers in the national economy.")) and, having done so, cannot now ask this Court to look to other administrative evidence and make specific findings of fact to uphold the decision denying benefits.

numbers in the national economy which plaintiff can perform in consideration of all of her impairments and limitations.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 13th day of June, 2006.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**