IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUTH WALKER,            :

      Plaintiff,         :

vs.                   :     CA 05-0572-C

MICHAEL J. ASTRUE,     :
Commissioner of Social Security,[1]
                      :
      Defendant.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 26). Upon consideration of all pertinent materials contained in the file, it is determined that petitioner should receive a reasonable fee in the amount of $528.50.

## FINDINGS OF FACT

1.      Byron A. Lassiter, Esquire, was hired by plaintiff to represent her in connection with her claims for disability insurance benefits and

---

[1]     Effective February 1, 2007, Michael J. Astrue became the Commissioner of Social Security. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Astrue is substituted for Jo Anne B. Barnhart as the proper defendant in this action.

supplemental security income on or about July 12, 2005. (Doc. 26, at 1)
Approximately fifteen (15) days before the filing of the complaint in this Court
(*see* Doc. 1 (complaint filed on October 6, 2005)), that is, on September 21,
2005, Walker executed a fee agreement wherein she agreed to the payment of
an attorney's fee equaling twenty-five percent (25%) of all past-due benefits
following a favorable decision.   (Doc. 26, Exhibit D, at ¶¶ 2 & 3 ("It is
understood and agreed that the attorney's fee will be 25% of the combined
gross retroactive benefits from Social Security and Supplemental Security
Income (SSI) resulting from a favorable award of the Commissioner, prior to
any reduction under Section 1127(a) of the Act. It is understood that Social
Security past due benefits represent the total amount of money to which I and
any auxiliary beneficiary or beneficiaries become entitled through the month
before the month SSA effectuates a favorable administrative determination or
decision on my Social Security claim and that SSI past-due benefits are the
total amount of money from which I become eligible through the month SSA
effectuates a favorable administrative determination or decision on my SSI
claim."))

2.    Following remand proceedings (*see* Doc. 20 (judgment
remanding the case to the Commissioner for further proceedings pursuant to

sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to disability benefits commencing May, 2002 (Doc. 26, Exhibit B).

3.    The total amount of past-due disability insurance benefits the Social Security Administration has determined Ms. Walker to be entitled to receive is clearly $23,314.00 inasmuch as the Administration withheld 25% of that amount, or $5,828.50, for payment of attorney's fees. (*See* Doc. 26, Exhibit B)

4.    Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Walker's claim.  The total time delineated therein is 14.2 hours.  (Doc. 26, Exhibit A)

5.    Petitioner requests that this Court approve an attorney's fee in the amount of $528.50, which represents the remainder of 25% of the past-due benefits to which the Administration has determined Walker entitled under the Social Security Act, minus the $5,300.00 fee petitioner has receive from the Social Security Administration for services rendered before the Administration (*see* Doc. 22, Exhibit C), for the 14.2  hours he spent before this Court representing Ms. Walker.

## CONCLUSIONS OF LAW

1.      Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[2]  Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

2.      The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)

---

[2]      "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002); *see also id*. at 807, 122 S.Ct. at 1828 ("Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is  reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808, 122 S.Ct. at 1828 (internal citations omitted).

5

3.      In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable.  In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable.").  See *Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

4.      The Social Security Administration has determined that the past-due disability insurance benefits to which plaintiff is entitled to receive total $23,314.00 (*see* Doc. 26, Exhibit B); twenty-five percent (25%) of this amount is $5,828.50. The contingency agreement which Walker entered into on September 21, 2005 contemplates attorney's fees of as much as twenty-five percent (25%) of the claimant's past-due benefits following a favorable decision (*see* Doc. 22, Exhibit D) and it is clear to the Court that the amount

requested by petitioner herein ($528.50), when combined with the $5,300.00 petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits Walker has been awarded in this case. Moreover, there is no evidence that petitioner delayed this case in any manner, nor, obviously, can the Court find that the requested amount is so large as to be a windfall to the petitioner.[3] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount utterly reasonable. Accordingly, the Court authorizes petitioner to receive, as a fee for services rendered before this Court, the sum of $528.50, which, when added to the $5,300.00 petitioner has received from the SSA, represents 25% of the total of past-due disability insurance benefits awarded plaintiff. Upon receipt of this money, plaintiff's counsel must then, of course, refund to the claimant the smaller attorney-fee award made in this case. *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller

---

[3]        The request, when broken down, renders an hourly rate of approximately $37.22.

7

fee.'"); *see Watford, supra*, 756 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

## CONCLUSION

The Court **ORDERS** that petitioner receive as an attorney's fee for services rendered in this Court the sum of $528.50 pursuant to 42 U.S.C. § 406(b).  Upon receipt of this award, petitioner is to refund to plaintiff the smaller attorney-fee award made in this case.

**DONE** and **ORDERED** this the 8th day of August, 2007.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**